453 So.2d 1149 (1984)
STEYR DAIMLER PUCH OF AMERICA, a Corporation, Appellant,
v.
A & a BICYCLE MART, INC., a Florida Corporation, Daniel R. Allegretti and Catherine Allegretti, Appellees.
No. 82-2357.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing Denied August 6, 1984.
Lee B. Gartner of Sobo, Wellens & Balocco, Fort Lauderdale, for appellant.
Don Lacy, and Earl Lee Butler of Butler & Pettit, P.A., Fort Lauderdale, for appellees A & A Bicycle Mart, Inc., and Daniel Allegretti.
SIMONS, STUART M., Associate Judge.
Appellant (Puch) sold merchandise to appellee (A & A), and thereafter sued for payment. A & A counterclaimed alleging violation of the Florida Unfair and Deceptive Trade Practices Act. After granting summary judgment against A & A for the unpaid balance (subject to whatever result appertained on the counterclaim) and entering default against a guarantor on the account, the case proceeded to trial on the counterclaim. After A & A rested its counterclaim, the Court granted a verdict against it, but subsequently allowed the counterclaimant to amend to raise a count in common law fraud. The jury returned a verdict for the counterclaimant for compensatory and punitive damages. The guarantor then moved to set aside the default judgment that had previously entered against her on the original amount for the merchandise.
Although it is clear that the Court had discretion in granting amendments to the pleadings, even during trial, this liberality diminishes as the case progressed to trial. Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977). In examining the record of this case, the counterclaimant's evidence as adduced at trial did not support its claim under the Florida Unfair and Deceptive Trade Practices Act and, moreover, would not support a count in common law fraud. If the matter had proceeded in normal course and the count in common law fraud had been originally pled, the plaintiff would have been forced to allege with particularity *1150 under Florida Rules of Civil Procedure 1.120(b) the particular acts of fraud upon which it relied. In this case we have merely the statement of counsel at the conclusion of the counterclaimant's case that "we have a common law fraud. We have pled and proven every count of common law fraud."
In searching the record for the essential elements of common law fraud, we find them to be lacking. There is insufficient evidence of either a knowing misrepresentation of specific material facts or justifiable reliance sufficient for this type of case. Nantell v. Lim-Wick Construction Company, 228 So.2d 634 (Fla. 4th DCA 1969). As a general rule fraud cannot be predicated upon a mere promise not performed. 14 Fla.Jur. Section 15. Alexander/Davis Properties v. Graham, 397 So.2d 699 (Fla. 4th DCA 1981).
The Judgment under review is reversed with instructions to re-enter a judgment for Puch against A & A and against the guarantor.
HURLEY and DELL, JJ., concur.