741 So.2d 1249 (1999)
Heriberto OLAVARRIA, Appellant,
v.
OKEELANTA CORPORATION and Alexsis, Inc., n/k/a RSKCo, Appellees.
No. 98-798.
District Court of Appeal of Florida, First District.
October 6, 1999.
*1250 David Ginzberg, Boynton Beach, and Randy E. Ellison, West Palm Beach, for Appellant.
Walter E. Beisler of Beisler & Beisler, West Palm Beach, for Appellees.
BENTON, J.
Heriberto Olavarria, who was injured while working for Okeelanta Corporation (Okeelanta) on January 6, 1993, appeals a final order denying his claims for permanent total disability and wage loss benefits. We affirm the final order insofar as it denies the claim for permanent total disability benefits. We reverse the final order, however, insofar as it denies wage loss benefits for the periods from September 26, 1996, through October 9, 1996; from November 21, 1996, through December 4, 1996; and from January 3, 1997, through January 30, 1997.
Competent substantial evidence supports the finding the judge of compensation claims made that a job Okeelanta offered in and after May of 1997 did not constitute sheltered employment. See Cooper v. Escambia County Sch. Bd., 734 So.2d 1072, 1073 (Fla. 1st DCA 1999); Wal-Mart Stores, Inc. v. Liggon, 668 So.2d 259, 271-72 (Fla. 1st DCA 1996). Even though we might have reached a different result if the facts had been for us to find, we are bound by contrary findings for which competent evidence of record furnishes substantial support. See Chicken `N' Things v. Murray, 329 So.2d 302, 304 (Fla.1976) ("We decline petitioner's invitation to interject ourselves at random as the primary finder of fact in workmen's compensation cases"). See also Commercial Carrier Corp. v. LaPointe, 723 So.2d 912, 917 (Fla. 1st DCA 1999). A claimant's unexplained refusal of a specific offer of suitable employment available in the open labor market is inconsistent with permanent total disability. See Wal-Mart Stores, Inc., 668 So.2d at 264-65; Shaw v. Publix Supermarkets, Inc., 609 So.2d 683, 685-86 (Fla. 1st DCA 1992).
Okeelanta and Alexis conceded that, for the periods of September 26, 1996, through October 9, 1996; November 21, 1996, through December 4, 1996; and January 3, 1997, through January 30, 1997, Mr. Olavarria submitted timely requests for wage loss benefits. See § 440.15(3)(b)2, Fla. Stat. (1993) (requiring submission within fourteen days of each biweekly period of wage loss); Turner v. Rinker Materials, 622 So.2d 80, 85 (Fla. 1st DCA 1993). His industrial accident caused serious injuries that led to restrictions on the kind of work he could perform.
Although the judge of compensation claims found that Okeelanta had offered Mr. Olavarria employment within his medical restrictions for the aforementioned periods, see § 440.15(3)(b)5 b, Fla. Stat. (1993), the record does not support this finding. Okeelanta's own vocational expert *1251 testified that, until the original offer of employment was significantly modified in May of 1997, the employment Okeelanta offered was not within Mr. Olavarria's medical restrictions. Specifically, Okeelanta's expert testified that "[the employment] was totally inappropriate for [Mr. Olavarria] until this modification." The record contains no evidence that Mr. Olavarria refused any offer of suitable employment before May of 1997. The judge of compensation claims erred in denying wage loss benefits for the periods in question, all of which were prior to the modification.
The denial of the claim for permanent total disability benefits is affirmed. The denial of wage loss benefits for the periods September 26, 1996, through October 9, 1996; November 21, 1996, through December 4, 1996; and January 3, 1997, through January 30, 1997, is reversed.
BARFIELD, C.J., and WEBSTER, J., CONCUR.