856 So.2d 1140 (2003)
VILLAGE APARTMENTS and Protegrity Services, Inc., Appellants,
v.
Santiago HERNANDEZ, Appellee.
No. 1D02-2427.
District Court of Appeal of Florida, First District.
October 22, 2003.
*1141 Cord Byrd, Rigell, Ring & Ardman, P.A., West Palm Beach, for Appellants.
Sandra L. McAuley, Findler & Findler, P.A., and Helene Hvizd Morris, West Palm Beach, for Appellee.
HAWKES, J.
In this workers' compensation appeal, Appellants, Employer/Carrier (E/C), argue the claimant should be denied benefits pursuant to section 440.09(4), Florida Statutes (Supp.1998). This provision sanctions workers' compensation claimants by denying benefits to which they might otherwise have been entitled, if a claimant, in seeking benefits, knowingly provides any false, misleading, fraudulent or incomplete information as set forth in section 440.105, Florida Statutes (Supp.1998). Because the JCC appears to have misunderstood the law, we reverse and remand.
Section 440.09(4), has frequently been referred to as the "fraud defense." This misnomer appears to have narrowed the application of the sanction beyond that intended by the legislature. In interpreting any statute, full effect must be given to the language chosen by the legislature. Section 440.09(4), provides that the commission of any act prohibited by section 440.105, results in the sanction. For instance, section 440.105(4)(b)2., Florida Statutes (Supp.1998), which doesn't use the word "fraud," imposes the sanction if the claimant, in support of his claim for benefits, makes an oral statement concerning a material fact that he knows is false, incomplete or misleading.[1] However, at the merits hearing, when the E/C sought to invoke the provisions of section 440.09(4), the JCC asked "Well, where's the written representation that you feel was false?" By focusing only on written misrepresentations, the JCC clearly misconstrued the requirements necessary to invoke the sanctions provided by section 440.09(4).
Under most circumstances, accurate medical histories, evidence of prior accidents, and statements regarding the extent of current injuries are relevant and material to a workers' compensation claim. These statements are relevant and material whether made to health care providers, or during testimony given at depositions or the merits hearing. In a workers' compensation case, a claimant's responses to inquiries regarding his prior accidents, current injuries, or medical history are made in support of his claim for benefits.
Here, the E/C refer to numerous places in the record where the claimant makes oral statements at deposition, during the *1142 merits hearing, and to health care providers, that appear false, misleading or, at the very least, incomplete. Regardless of whether the claimant was under oath, if, at the time he made any of these statements, he knew they were false, incomplete or misleading, then the statements fall within the scope of section 440.105(4)(b)2., and, pursuant to section 440.09(4), result in the loss of workers' compensation benefits.
We are particularly concerned with the claimant's testimony regarding his involvement in prior automobile accidents. Evidence of prior accidents in the discovery phase is relevant to determine whether the accidents may have caused or contributed to current injuries. Similarly, evidence of dishonesty in responses to discovery questions about prior accidents is relevant in the trial phase to establish the previous deception.
The record indicates the claimant testified three times during two depositions that he had no prior automobile accidents. The claimant had a qualified Spanish interpreter during these depositions, and there was no indication that the claimant misunderstood the questions. Moreover, automobile accidents tend to be memorable.
The E/C proffered records indicating the claimant had been involved in at least three prior accidents, the most recent of which occurred only eight months prior to his first deposition.[2] The JCC refused to admit this evidence of the claimant's prior accidents, reasoning she would be required to make an "intellectual leap" to conclude these accidents contributed to the claimant's current injuries. However, evidence of the accidents was not offered to show they contributed to the current injury. Rather, they were offered to show the claimant had misrepresented facts material to his claim for benefits. "Honesty is not a luxury to be invoked at the convenience of a litigant." Baker v. Myers Tractor Servs., Inc., 765 So.2d 149, 150 (Fla. 1st DCA 2000) (quoting trial court's order). The workers' compensation system is designed to be efficient and self-executing. See § 440.015, Fla. Stat. (1997). It cannot depend on an adversary's ability to investigate and discover false testimony. The parties have a right to expect that all statements, whether written or oral, are truthful, responsive, and complete. Accordingly, we remand for the JCC to conduct a hearing to address whether the claimant, in support of his claim for benefits, made any oral or written statements concerning facts material to his claim that he knew were false, misleading or incomplete at the time the statements were made. Although the JCC's inquiry is not limited to prior accidents, on remand, the JCC should allow evidence of any prior accidents in which the claimant has been involved. If the JCC finds the claimant knew he had been involved in prior accidents when he testified he had not, that would constitute a false statement involving a material fact.
REVERSED and REMANDED with instructions.
WOLF, C.J., and BROWNING, J., Concur.
NOTES
[1] Section 440.105(4)(b)2., provides:

(b) It shall be unlawful for any person:
* * * *
2. To present or cause to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.
[2] The E/C stated at the hearing that the evidence of the accidents was discovered too late to include in the pre-trial stipulation. This late discovery illustrates the problem that the sanctions provided through section 440.09(4), attempts to deter.