867 So.2d 639 (2004)
CDL and Gallagher Bassett Services, Inc., Appellants,
v.
Oscar COREA, Appellee.
No. 1D03-0245.
District Court of Appeal of Florida, First District.
March 16, 2004.
John P. Daly and Loren W. Fender of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellants.
Dean Burnetti, Lakeland, and Bill McCabe, Longwood, for Appellee.
PER CURIAM.
In this workers' compensation appeal, CDL and Gallagher Bassett Services, Inc. (employer/carrier) challenge a final order awarding workers' compensation benefits to Oscar Corea, the claimant and appellee. The appellants argue that the Judge of Compensation Claims (JCC) erred in finding that Corea's false and misleading statements regarding his current physical health and post-accident employment did not preclude payment of workers' compensation benefits pursuant to section 440.09(4), Florida Statutes (1999). This section precludes all benefits to an employee who knowingly or intentionally provides any false, fraudulent, or misleading oral or written statements for the purpose of obtaining benefits under Chapter 440. See also § 440.105(4)(b)1, Florida Statutes (1999). Because the JCC misapplied section 440.09(4), we reverse and remand the case for further proceedings.
Corea injured his lower back in the scope and course of his employment at CDL while loading boxes into a trailer on February 13, 1999, and was diagnosed with cervical/thoracolumbar strain. After his initial diagnosis, Corea returned to work intermittently from March 1999, until he voluntarily terminated his employment on January 8, 2000. Corea was placed at maximum medical improvement on November 12, 1999, with a seven percent permanent impairment rating.
Corea sought temporary total and/or temporary partial benefits from February *640 13, 1999, to November 1, 1999, and continuing permanent total disability benefits and permanent total supplemental benefits beginning November 1, 1999. Corea also sought medical care and treatment for the nature of the injury and process of recovery as well as costs and attorney's fees.
The claim proceeded to a hearing before the JCC who received evidence from CDL that Corea had obtained post-accident employment with another company, Weaver Cast, where he allegedly worked off and on from June 14, 1999, through October 21, 2000. CDL also produced evidence that Corea was engaged in physically demanding work via the testimony of Weaver Cast's vice president and a videotape of Corea performing a variety of physical tasks. Corea maintained that the accident left him permanently and totally disabled, and incapable of dutiful employment. Corea further testified that he had not worked for Weaver Cast following the accident, but that his brother had obtained employment with Weaver Cast using Corea's identity.
The JCC rejected Corea's testimony and concluded that Corea had in fact been employed by Weaver Cast, as alleged, and that his testimony to the contrary was untruthful. Particularly, the JCC found it too coincidental that the periods of time Corea was alleged to have worked for Weaver Cast correlated with Corea's periods of absenteeism at CDL. The JCC further found that Corea had exaggerated his injuries for the benefit of the court and ruled that Corea was physically capable of engaging in full-time gainful employment. The JCC concluded, however, Corea's conduct did not "rise to the level of fraud as contemplated by Florida Statutes, § 440.105(4)(b)" and, thus, his actions were not sanctionable under sections 440.105(4)(b) and 440.09(4). The JCC awarded Corea temporary partial benefits for the period of time between the date of the accident and the date of maximum medical improvement, in addition to continued palliative medical care, costs and attorney's fees. In so doing, the JCC erred.
As we have explained in a decision issued after the JCC entered the order on appeal, under section 440.09(4), knowingly false, incomplete, or misleading statements of material fact made by a claimant during workers' compensation proceedings regarding his current state of health or post-accident employment are deemed to be made in support of the claimant's claim for benefits. See Village Apartments v. Hernandez, 856 So.2d 1140, 1141-42 (Fla. 1st DCA 2003). Here, the JCC referenced several statements made by Corea in depositions and at the hearing that appeared to be false or misleading. If Corea knew at the time he made the material statements in advancement of his claim for workers' compensation benefits that the statements were false, incomplete or misleading, then Corea would forfeit his right to all benefits, pursuant to section 440.09(4). Id.
Accordingly, we reverse and remand for the JCC to conduct a fact-finding hearing to determine whether Corea knowingly or intentionally made any false, incomplete, or misleading statements concerning facts material to his claim for workers' compensation benefits. If the JCC finds that Corea had reason to know that his statements regarding his current injuries and post-accident employment were false or misleading at the time the statements were made, or that he intended to make such statements in support of his claim for benefits, then the JCC should rule that the statements fall within the scope of section 440.105(4)(b)1. See Hernandez, 856 So.2d at 1142.
*641 REVERSED and REMANDED with instructions for further proceedings.
KAHN, BENTON AND VAN NORTWICK, JJ., concur.