871 So.2d 289 (2004)
Carol SINGLETARY, Appellant,
v.
YODER'S AND AMERITRUST INSURANCE CORPORATION, Appellees.
No. 1D02-2965.
District Court of Appeal of Florida, First District.
March 26, 2004.
*290 Richard Lovesky, Esquire, Bradenton and Bill McCabe, Esquire, Longwood, for Appellant.
Ben H. Cristal, Esquire of Sponsler, Bennett, Jacobs & Cristal, P.A., Tampa, for Appellees.
PER CURIAM.
Carol Singletary appeals an order of a judge of compensation claims (JCC) denying workers' compensation benefits for a left knee injury that she alleged occurred in the course and scope of her employment. Although the JCC did not credit her version of events, the employer and carrier waived the right to deny compensability by failing "to deny compensability within 120 days after the initial provision of benefits...." § 440.20(4), Fla. Stat. (2002). We nevertheless affirm on the authority of section 440.09(4), Florida Statutes (2002).
Because the carrier did not deny benefits until almost seven months after it initially accepted the injury as compensable and began paying benefits, it waived its right to deny compensability. See Travelers Ins. Co. v. Collins, 825 So.2d 451, 451-52 (Fla. 1st DCA 2002) (affirming JCC's finding that the employer/carrier waived the right to deny compensability because "they did not deny it within 120-days of commencing payment thereon" and that the statutory exception to the 120 day deadline was inapplicable because "a report from the physician ... put the employer and carrier on notice that claimant's... condition consisted of a pre-existing degenerative ... condition....").
Medical records antedating the initial provision of benefits revealed the possibility that Mrs. Singletary's knee pain was caused by a preexisting condition, rather than a work-related injury, and "should have prompted a timely, thorough, good faith investigation." Franklin v. N.W. Airlines, 778 So.2d 418, 422 (Fla. 1st DCA 2001). Section 440.20(4) provides:
The carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits.... A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation ... waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period....
Everything on which the carrier based its eventual denial of benefits was known by or available to it within the 120-day period. The carrier did not prove anything came to light after the 120-day period had expired that gave it additional reason to doubt that the injury was job-related.
Even so, we must affirm the denial of benefits because "competent evidence of record furnishes substantial support," Olavarria v. Okeelanta Corp., 741 So.2d 1249, 1250 (Fla. 1st DCA 1999), for the JCC's finding that "[c]laimant knowingly made false or misleading oral and written statements for the purpose of obtaining benefits." In her order, the JCC found that
the claim should be denied in its entirety [because] .... [t]he evidence in its totality establishes that .... [c]laimant *291 knowingly made false or misleading oral and written statements for the purpose of obtaining benefits [in violation of section 440.105, Florida Statutes, (2002) ].... Therefore, claimant is not entitled to benefits per section 440.09(4), Fla. Stat....
Claimant's demeanor while testifying did not support the trustworthiness of her statements, and I accept the other witnesses' testimony where it differs. Claimant could not remember any workplace injury until she was encouraged to report a work injury by her friend and employer, Anna Marie Yoder, which is supported by all of the other evidence, including her history to Dr. Swanson.
Section 440.09(4) precludes "compensation or benefits ... if any judge of compensation claims ... determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits." Section 440.105(4)(b)(1), Florida Statutes (2002) provides that "[i]t shall be unlawful for any person ... [t]o knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter."
As was conceded by both parties at oral argument, the employer/carrier had the burden of proving a violation of section 440.105 by a preponderance of the evidence. On appeal, we are compelled to affirm so long as that "ruling ... is supported by competent substantial evidence... even though there may be some persuasive evidence to the contrary." Fla. Mining & Materials v. Mobley, 649 So.2d 934, 934 (Fla. 1st DCA 1995). Thus, "[e]ven though we might have reached a different result if the facts had been for us to find," we are obliged to affirm the denial of compensation because there is competent, substantial evidence to support the finding that Mrs. Singletary made false or misleading statements concerning where the accident occurred for the purpose of obtaining benefits. Olavarria, 741 So.2d at 1250. See Vill. Apartments v. Hernandez, 856 So.2d 1140 (Fla. 1st DCA 2003).
Affirmed.
BENTON and LEWIS, JJ., concur; BOOTH, J., dissents with opinion.
BOOTH J., dissenting.
A review of the record does not reveal any evidence to support the JCC's ruling that Claimant violated section 440.09(4) and is, therefore, precluded from receipt of benefits. The JCC, in its order, states that Claimant made false or misleading statements to obtain benefits but fails to indicate even one such statement. No such statements are apparent from the record.
The JCC, in the exercise of its discretion, determined that Claimant was not a credible witness and, based on this determination, held that Claimant was guilty of worker's compensation fraud. Strickler v. Fla. Power Corp., 667 So.2d 239 (Fla. 1st DCA 1995). However, the JCC's ruling on Claimant's credibility is not sufficient, in and of itself, to support the conclusion that Claimant knowingly and intentionally made false statements to obtain worker's compensation benefits. Whenever a witness's testimony is rejected by the JCC, that witness would be guilty of making a fraudulent statement, and subject to sanctions, under section 440.105.
Furthermore, the evidence does not support the JCC's determination that Claimant knowingly made false statements. See Steyr Daimler Puch of Am. v. A & A Bicycle Mart, Inc., 453 So.2d 1149, 1150 (Fla. 4th DCA 1984). Claimant's failure to realize she had been injured at work until *292 7-10 days after the incident and her consequent delay in reporting her injury does not constitute, alone or together, evidence of fraud. An MRI, taken approximately 10 days after the incident, revealed an acute injury which was consistent with Claimant's reported "twisting injury to the knee."
Accordingly, I would reverse the JCC's finding that Claimant knowingly made false and misleading statements for the purpose of obtaining worker's compensation benefits.