871 So.2d 1004 (2004)
Marie ISAAC, Appellant,
v.
GREEN IGUANA, INC., d/b/a Medical Billing Group, and Associated Industries Insurance Company, Inc., Appellees.
No. 1D03-2198.
District Court of Appeal of Florida, First District.
April 19, 2004.
*1005 Joseph Bilotta, Palm Springs, for Appellant.
Mary Ann Stiles and Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Tallahassee, for Appellees.
VAN NORTWICK, J.
The claimant in this workers' compensation appeal, Marie Isaac, appeals a final order of the Judge of Compensation Claims (JCC) which finds that she is guilty of fraud within the meaning of section 440.105(4)(b), Florida Statutes (1999), and therefore not entitled to any past or future benefits from appellees Green Iguana, Inc., d/b/a Medical Billing Group, and Associated Industries Insurance Company, the employer and carrier respectively (employer/carrier), pursuant to section 440.09(4), Florida Statutes (1999). Claimant does not challenge the JCC's decision to deny the past benefits claimed, which decision is based upon competent substantial evidence other than the alleged fraud. She argues that it was a violation of due process for the JCC to consider a denial of benefits under section 440.09(4) without giving her prior notice and an adequate opportunity to defend the charge. Under the circumstances below, we agree. Accordingly, we reverse and remand to the JCC to delete the finding of a violation of section 440.105(4)(b), Florida Statutes, and remove any reference to claimant's inability to pursue future benefits.
Claimant injured her knee while working for the employer. Shortly thereafter, she was terminated for absenteeism. Her orthopedist diagnosed a torn ACL and medial meniscus, and the carrier began paying temporary benefits. During the period she was receiving benefits she began working for a different employer. She continued to collect workers' compensation benefits for two months while so employed. These facts were known by the employer/carrier at least eight months before the final merits hearing and at the time of the pre-trial conference; yet, the employer/carrier failed to raise a defense based upon sections 440.09(4) and 440.105(4)(b) prior to the merits hearing. On the day of the merits hearing, the employer/carrier sought to raise a fraud defense for the first time. Claimant objected on the grounds of due process. The JCC agreed the defense *1006 was untimely raised and ruled that it would be disallowed.
During the hearing and over objection, the JCC nevertheless allowed the employer/carrier to elicit testimony concerning the alleged fraud. Claimant attempted to explain her actions. Thereafter, the JCC entered a final order denying the past benefits claimed based upon the claimant's voluntary limitation of income, among other reasons. Further, in the order, the JCC acknowledged the earlier ruling sustaining the claimant's objection to a fraud defense, but sua sponte reconsidered and reversed the earlier ruling. The JCC ruled that claimant was not prejudiced because she had an opportunity to explain her actions. The JCC found that claimant's actions constituted an alternative ground to deny benefits, ruling as follows:
In addition to the previous grounds for denial of Claimant's claim, the Court finds an independent ground exists as per § 440.105(4)(b), that Claimant knowingly engaged in prohibited activity for the purposes of obtaining payment of indemnity benefits. Therefore, pursuant to F.S. § 440.09(4) she is not entitled to compensation or benefits under chapter 440, and the Claimant's claim is DENIED IN ITS ENTIRETY.
Section 440.09(4) provides that an employee will not be allowed compensation benefits if the JCC "determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits." Section 440.105(4)(b) contains numerous examples of false, fraudulent or misleading activity which are prohibited.
An injured employee's right to receive workers' compensation benefits is a property right protected by procedural due process safeguards including notice and an opportunity to be heard. Rucker v. City of Ocala, 684 So.2d 836, 840-41 (Fla. 1st DCA 1997). To ensure that due process is accorded, Florida Rule of Workers' Compensation Procedure 4.045 provides for a detailed pre-trial procedure. Pursuant to that rule, the parties are required to set forth their claims, defenses and issues at the pre-trial conference. Fla. R. Workers' Comp. P. 4.045(h)(1). It is undisputed in this case that, even though the employer/carrier had knowledge of the facts which they now argue constituted fraud, the employer/carrier failed to raise the defense of fraud at the pre-trial conference or in the pre-trial stipulation. Thus, it was contrary to the procedural due process established for workers' compensation cases for the employer/carrier to seek to amend the pre-trial stipulation to include the affirmative defense of fraud at the time of the final merits hearing.
While rule 4.045 contemplates that a JCC may permit an amendment to the pre-trial stipulation or pre-trial order to prevent injustice, see rule 4.045(n)(2), the employer/carrier demonstrated no injustice here. The JCC was correct in finding in the initial ruling that it was unreasonable to expect the claimant to be able to defend against the defense and in disallowing the defense as untimely raised. This ruling was consistent with the purposes and intent of rule 4.045. The JCC, having once determined it was a violation of due process to allow the employer/carrier to proceed with the fraud defense, erred in reversing that ruling without giving claimant notice and an opportunity to be heard. See Area Electric Service, Inc. v. Cunningham, 538 So.2d 471, 472-73 (Fla. 1st DCA 1989)(holding that it was prejudicial to a claimant for the employer/carrier to raise a defense of fraud in the procurement of employment two days before trial, when the employer/carrier failed to raise that defense at the pre-trial conference).
*1007 In an opinion of this court issued subsequent to the final order in this case, we explained the requirements which must be met before section 440.09(4) can be invoked. See Village Apartments v. Hernandez, 856 So.2d 1140, 1141-42 (Fla. 1st DCA 2003). Section 440.09(4) contemplates that, before benefits may be denied pursuant to the statute, there must be a showing that the claimant made "oral or written statements concerning facts material to [her] claim that [she] knew were false, misleading or incomplete at the time the statements were made." Id. at 1142. Before the statute may be employed to deny benefits, a section 440.09(4) defense either must be raised by the employer/carrier pursuant to the applicable rules of procedure, if the facts supporting the defense are known by the employer/carrier; or must be raised by the JCC, if the actions violating section 440.105 occur before the JCC. In either event, a fact-finding hearing must be held providing the claimant notice and an opportunity to be heard. Id.; accord CDL v. Corea, 867 So.2d 639 (Fla. 1st DCA 2004); compare Medina v. Florida East Coast Railway, L.L.C., 866 So.2d 89 (Fla. 3d DCA 2004)(due to the severity of dismissal as a sanction for a plaintiff's perpetration of fraud on the court, employee was entitled to notice and an opportunity to be heard and court should have granted plaintiff's request for an evidentiary hearing).
Accordingly, this cause is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BOOTH and LEWIS, JJ., concur.