890 So.2d 397 (2004)
Glenn LEE, Appellant,
v.
VOLUSIA COUNTY SCHOOL BOARD, Appellee.
No. 1D03-4644.
District Court of Appeal of Florida, First District.
December 23, 2004.
*398 John T. Willett, Orlando, for Appellant.
Charles D. Hood, Jr. And Tamara R. Wenzel; Smith, Hood, Perkins, Louks, Stout, Bigman, Lane & Brock, P.A., Daytona Beach, for Appellee.
HAWKES, J.
Claimant appeals the Judge of Compensation Claims' (JCC) order denying temporary total (TTD) or temporary partial (TPD) benefits, on the basis that Claimant made false statements in order to receive such benefits. We find the JCC's order is supported by competent, substantial evidence and affirm.

FACTUAL & PROCEDURAL HISTORY
During visits to a physician, Claimant reported severe pain in his legs,[1] and difficulty in lifting twenty pounds. At that time, Claimant was placed on restrictions such as no climbing, bending, or lifting over twenty pounds. Claimant later reported he was not able to perform light duty work, and was placed on a "no work" status. In several depositions, Claimant testified he could only lift between ten and fifteen pounds, and had completely given up doing yard work.
Surveillance footage depicted Claimant setting paver stones in his yard. This activity consisted of bending, kneeling for prolonged periods, using a shovel and *399 rake, and moving the stones into position. The investigator testified that based on his experience, paver stones weigh eighty pounds. The investigator admitted he did not observe Claimant actually lifting the stones, and Claimant denied doing so. When asked about the discrepancy between the surveillance footage and his earlier testimony that he could not perform yard work, Claimant responded: "Yard work to me is cutting grass."
Other surveillance footage depicted Claimant lifting a box into a shopping cart, and moving it from the cart into his vehicle. The investigator testified he went down the aisle where the box was taken and discovered it contained toilet tanks, which reflected a weight of twenty pounds. Claimant denied he was carrying a toilet tank and maintained he was carrying a small fiberglass sink, weighing between ten and twelve pounds.
The physician who placed claimant on the "no work" status reviewed the surveillance footage and testified Claimant was acting inconsistently with his earlier reports. The physician testified Claimant led him to believe he was in severe pain, but based on the video, Claimant did not appear to be in any pain at all. The physician placed Claimant at maximum medical improvement (MMI) on March 3, 2002, the day the video was made.
A second physician examined Claimant on two occasions and reviewed the surveillance footage. Based on Claimant's reports to the first physician, this physician did not conclude the video showed any inconsistencies.
Ultimately, the JCC found Claimant knowingly made false statements when he reported his physical abilities and when he testified he could not perform yard work. The JCC accepted the first physician's testimony over that of the second, because the first physician spent more time with Claimant, and his opinions were more consistent with the evidence and the JCC's own observations. The JCC found Claimant reached MMI on March 2, 2002, and that no further TTD/TPD benefits were owing.

FALSE STATEMENTS PRECLUDE AWARD OF BENEFITS
A claimant's statements of medical history, prior accidents, or the extent of current injuries are "relevant and material whether made to health care providers, or during testimony given at depositions or the merits hearing." Village Apartments v. Hernandez, 856 So.2d 1140, 1141 (Fla. 1st DCA 2003). If such statements are knowingly false, fraudulent, incomplete, or misleading, benefits must be denied. See §§ 440.09(4)(a), 440.105(4)(b)(1)-(2) & (5), Fla. Stat. (2003); Village Apartments, 856 So.2d at 1142; CDL & Gallagher Bassett Servs., Inc. v. Corea, 867 So.2d 639, 640 (Fla. 1st DCA 2004); Singletary v. Yoder's & Ameritrust Ins. Corp., 871 So.2d 289, 290-91 (Fla. 1st DCA 2004).
Here, testimony reflects Claimant made certain representations to his physician, to the employer/carrier (E/C), and to the JCC, which were refuted by video surveillance. That another physician testified he did not believe the video depicted inconsistencies does not change the result. A JCC need not explain why he or she accepted testimony of one physician over another as long as it does not appear that he or she ignored or overlooked the contrary testimony. See Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071, 1078-81 (Fla. 1st DCA 2003). Here, although not necessary, the JCC explained why he accepted one physician's testimony over that of another.
*400 Claimant's argument that the denial of benefits violated his due process rights is procedurally barred. Even if considered on the merits, Claimant had adequate notice of the issues and does not allege how his substantive due process rights were violated.
Finally, to the extent that Claimant contests the constitutionality of sections 440.09(4) and 440.105(b), this court has determined section 440.09(4), in relation to section 440.105, does not violate due process. See Medina v. Gulf Coast Linen Servs., Inc., 825 So.2d 1018, 1020 (Fla. 1st DCA 2002).
Clearly, a JCC is free to accept or reject testimony, or any part of the testimony of any witness, including the claimant. Because competent, substantial evidence supports the JCC's finding that Claimant knowingly made misrepresentations for the purpose of securing workers' compensation benefits, we affirm.
AFFIRMED.
ERVIN and DAVIS, JJ., CONCUR.
NOTES
[1] At the merits hearing, Claimant testified he only reported moderate pain.