913 So.2d 754 (2005)
CITRUS PEST CONTROL AND CLAIMS CONTROL, INC., Appellants/Cross Appellees,
v.
Benjamin BROWN, Appellee/Cross Appellant.
No. 1D04-5409.
District Court of Appeal of Florida, First District.
November 7, 2005.
Robert G. Brightman, Esq. of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Claudeth J. Henry, Esq., Ocala; Bill McCabe, Esq., Longwood, for Appellee.
LEWIS, J.
Appellants, Citrus Pest Control and Claims Control, Inc. (collectively, "the E/C"), appeal an order of the judge of compensation claims ("JCC"), arguing that the JCC erred in granting claimant's claim for continuing medical care for his back condition after finding that claimant misrepresented his symptoms with the specific intent to advance his workers' compensation claims. We agree and, therefore, reverse the JCC's order. Due to our disposition with respect to the appeal, we need not address the issue raised on cross-appeal.
*755 After suffering an April 22, 2003, injury while at work, claimant, Benjamin Brown, sought disability benefits and continuing medical care. The E/C defended on the basis that claimant made false or misleading statements in connection with his claims. In the final order, the JCC found that claimant "did intend to mislead by testifying at his deposition that the symptoms [of numbness and tingling] appeared after the accident, when in fact he had complained of them prior." The JCC also found that "the false statements made by the claimant were in his mind designed to advance his claim for benefits. . . ." However, because the E/C's independent medical examiner ("IME") found a causal connection between the injury and the workplace accident, notwithstanding claimant's false or misleading statements, the JCC granted claimant's claim for continuing medical care but denied the claim for disability benefits. According to the JCC, while claimant made the false statements in furtherance of his claims, "[i]t was only later that the employer's IME made the claimant's statements immaterial." The JCC also determined that "[t]he claimant may have deliberately made false statements of fact, believing them to be material, but they turn out not to be." This appeal followed.
Section 440.09(4), Florida Statutes (2002), provides:
An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative law judge, court, or jury convened in this state determines that the employee knowingly or intentionally engaged in any of the acts described in section 440.105 for the purpose of securing workers' compensation benefits.
Section 440.105(4)(b), Florida Statutes (2002), provides in part that it is unlawful for any person:
1. To knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter.
2. To present or cause to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.
As we have explained:
Under most circumstances, accurate medical histories, evidence of prior accidents, and statements regarding the extent of current injuries are relevant and material to a workers' compensation claim. These statements are relevant and material whether made to health care providers, or during testimony given at depositions or the merits hearing. In a workers' compensation case, a claimant's responses to inquiries regarding his prior accidents, current injuries, or medical history are made in support of his claim for benefits.
Village Apartments v. Hernandez, 856 So.2d 1140, 1141 (Fla. 1st DCA 2003). If, at the time a claimant makes any of the foregoing types of statements, he or she knew that they were false, incomplete, or misleading, the statements fall within the scope of section 440.105(4)(b)2. and result in the loss of workers' compensation benefits pursuant to section 440.09(4). Id.; see also Lee v. Volusia County Sch. Bd., 890 So.2d 397, 399 (Fla. 1st DCA 2004) (holding that workers' compensation benefits "must be denied" if statements of medical history, prior accidents, or the extent of current injuries are knowingly false, fraudulent, *756 incomplete, or misleading); CDL v. Corea, 867 So.2d 639, 640 (Fla. 1st DCA 2004) (holding that knowingly false, incomplete, or misleading statements of material fact made by a claimant during workers' compensation proceedings regarding the claimant's current state of health or post-accident employment are deemed to be made in support of the claimant's claim for benefits).
In the instant case, the JCC expressly found that claimant intended to mislead by making false or misleading statements about his symptoms that were designed to advance his claims. Once this finding was made, section 440.09(4) precluded claimant from receiving workers' compensation benefits. See Lee, 890 So.2d at 399; Corea, 867 So.2d at 640; Hernandez, 856 So.2d at 1142. This is so regardless of whether the IME later opined that the statements at issue had no effect on his determination of a causal connection.
Accordingly, we reverse the final order. Cf. Chapman v. Nationsbank, 872 So.2d 390, 393 (Fla. 1st DCA 2004) (reversing the JCC's order and remanding because it was not clear from an examination of the order whether the JCC found that the claimant had violated section 440.105(4)(b) and directing that, on remand, the JCC should rule that the claimant's statements fall within the scope of section 440.105(4)(b) if the statements were knowingly or intentionally false, incomplete, or misleading, concerned material facts, and were made for the purpose of obtaining benefits).
REVERSED.
DAVIS and BROWNING, JJ., Concur.