999 So.2d 1101 (2009)
Jesus VARGAS, Appellant,
v.
CHAMSY TRANSFER, INC., and Liberty Mutual Insurance Company, Appellees.
No. 1D08-2112.
District Court of Appeal of Florida, First District.
January 9, 2009.
*1102 L. Barry Keyfetz of L. Barry Keyfetz, P.A., Miami, for Appellant.
Tara L. Sa'id of Law Office of Amy L. Warpinski, Jacksonville, for Appellees.
PER CURIAM.
Claimant challenges on three grounds the Judge of Compensation Claims' (JCC) Order denying temporary indemnity benefits. One ground was not preserved for appeal. In the remaining two grounds, Claimant argues the JCC denied his right to due process by: 1) allowing the employer/carrier (E/C) to raise a defense for the first time at the expedited hearing; and 2) refusing to consider Claimant's rebuttal to that defense because it was not timely raised. We reverse.

Factual Background
Claimant suffered a compensable injury on March 26, 2002. His injuries included disc herniations in the middle and lower spine. Claimant received authorized treatment from Dr. Yates for that injury, and continued to treat with him for the duration of the subject claim. Although Claimant continued in the same job through the date of the expedited hearing, his employer changed twice.
In July 2007, Claimant began experiencing low back pain radiating down his right side. His pain resulting from the 2002 incident involved his left side. Claimant returned to Dr. Yates, and in an August 2, 2007, report, Dr. Yates opined an MRI revealed a new right disc herniation. On that same day, Dr. Yates completed a DWC-25 form listing March 26, 2002, as the date of accident, and opining Claimant's condition was an exacerbation or aggravation of his previous work-related condition. Dr. Yates took Claimant out of work effective August 3, 2007, and prescribed physical therapy.
Claimant filed a petition for benefits (PFB) dated October 3, 2007, seeking temporary indemnity benefits for the time he was taken out of work, using the March 26, 2002, accident date. The E/C did not respond to the PFB. The JCC issued an order scheduling the matter for expedited hearing for April 9, 2008, and instructing the parties to exchange and file a pretrial outline of all issues and defenses to be presented at the hearing, at least fifteen days before the hearing.
Claimant completed his portion of the pretrial outline, and on March 18, 2008, submitted it to the E/C to complete its portion. Two days later, at Claimant's deposition, Claimant's counsel reminded the E/C's counsel about the JCC's order regarding the pretrial outline. The E/C's counsel stated he hoped to get the issues resolved after taking Claimant's deposition. As of April 1, 2008, the E/C had not completed its portion of the pretrial outline. Consequently, Claimant filed his portion of the document.
*1103 On the morning of the hearing, the E/C electronically filed the completed pretrial outline, and for the first time, raised specific defenses, asserting Claimant was not injured in an industrial accident occurring in the course and scope of his employment, the alleged accident was not the major contributing cause of Claimant's condition, and Claimant's condition was not the result of a workplace accident. At the hearing, the E/C's counsel asserted, for the first time, its position Claimant had a new injury caused by a new accident. Claimant objected to the assertion as untimely and, in rebuttal, raised the "120-day" rule. The JCC ultimately found Claimant's assertion of the "120-day" rule was untimely, reasoning it should have been raised in a petition for benefits, the pretrial stipulation, or by an amendment to the pretrial stipulation. The JCC concluded the claim was not compensable, and denied Claimant's request for indemnity benefits.

Analysis
An injured worker's right to receive workers' compensation benefits is a property right protected by procedural due process safeguards including notice and an opportunity to be heard. See Isaac v. Green Iguana, Inc., 871 So.2d 1004, 1006 (Fla. 1st DCA 2004). A corollary to this basic principle is that parties are entitled to notice of what is to be litigated. See Gayton v. Mills Septic Tank, 695 So.2d 397, 398 (Fla. 1st DCA 1997).
The facts here are similar to those this court addressed in Isaac. There, we held it "was contrary to the procedural due process established for workers' compensation cases for the [E/C] to seek to amend the pre-trial stipulation to include the affirmative defense of fraud at the time of the final merits hearing." Isaac, 871 So.2d at 1006.
Similarly, as noted, the E/C waited until the morning of the hearing to electronically file its pretrial stipulation, and even then did not raise its defense that Claimant suffered a new injury in a new accident. Instead, it waited until the hearing to orally raise the issue for the first time. Consequently, prior to the hearing, Claimant had no notice that this was an issue the E/C intended to litigate. Allowing the E/C to raise its previously unannounced defense was, by itself, enough to violate Claimant's right to due process, specifically, his right to notice of what was to be litigated. See id. The JCC compounded this error by refusing to consider Claimant's rebuttal to the defense, thereby denying Claimant's due process right to be heard.
In his order, the JCC found that the 120-day issue, "[l]ike any other matter ... needed to be timely and properly pled." However, it was for this very reason that the JCC abused his discretion by allowing the E/C to raise the compensability defense for the first time at the hearing. The JCC should have either excluded both the E/C's defense and Claimant's rebuttal to it, or permitted both.

Conclusion
By allowing the E/C to assert its compensability defense for the first time at the expedited hearing, and refusing to consider Claimant's rebuttal to this defense, the JCC deprived Claimant of his due process rights to notice and an opportunity to be heard. The JCC's denial of Claimant's claim for indemnity benefits for the requested period is REVERSED, and the matter is REMANDED for proceedings consistent with this opinion.
BARFIELD, ALLEN, and THOMAS, JJ., concur.