LEWIS, J.
 

 Claimant, Roberto Hernandez, challenges an order of the Judge of Compensation Claims (“JCC”) that denies his claim for permanent total disability (“PTD”) benefits. Claimant argues, among other things, that the JCC erred in excluding
 
 *468
 
 timely disclosed, relevant evidence. We agree and reverse. We need not reach the remaining issues raised on appeal.
 

 Background
 

 Claimant, a fifty-year-old welder, suffered significant injuries to his right dominant arm and wrist, preventing him from performing his pre-injury job in a trade within which he had worked his entire life. Claimant filed a claim for PTD benefits, and the employer/carrier (“E/C”) obtained a vocational evaluation/reemployment assessment with a rehabilitation provider of its choosing. The purpose of this report was to recommend a cost-effective physical and vocational rehabilitation plan to assist Claimant in returning to suitable gainful employment. § 440.491(l)(e), Fla. Stat. (2007) (describing the purpose of reemployment assessment reports). After meeting with Claimant, the initial vocational provider rendered a report which contained the following conclusions: Claimant is permanently limited to less than sedentary employment; Claimant has difficulty writing, driving, or grasping with his right hand; Claimant can neither read nor write in English; Claimant has no identifiable transferrable skills; and Claimant is motivated to return to work but is unaware of other work he could physically perform. The initial vocational provider was guarded in his prognosis of Claimant’s likelihood of returning to alternate work, and recommended no additional vocational services, such as rehabilitation, retraining, or job placement. The provider further indicated that he would be willing to perform a labor market survey if the E/C desired. The E/C listed the initial vocational provider as a witness on its pretrial stipulation, and the report was furnished to Claimant without objection. Claimant also timely listed the initial vocational provider as a witness. In addition, Claimant obtained his own vocational expert, who opined that Claimant was unemployable because of his significant physical restrictions, limited language and reasoning skills, and his poor ability to work with his hands. This opinion was the product of that expert’s completion of several tests and evaluations.
 

 Less than thirty days before trial, the E/C sought to “delete” its initial vocational provider from its witness list, and to replace him with a different vocational provider (“second provider”), whose testimony was more favorable to the E/C’s position. Over Claimant’s objection, the JCC allowed this amendment. Nevertheless, because Claimant had listed the initial vocational provider as a witness, his deposition was taken and his vocational report authenticated. At trial, the E/C moved to strike the initial vocational provider’s report and deposition on the grounds that it was prejudicial and “duplicitous.” The JCC granted the E/C’s motion, explaining that “[t]he parties each get one vocational expert. Not two; one.” Based on this ruling, Claimant submitted the opinion of his own expert, and proffered the initial vocational provider’s deposition and report into evidence. The second provider’s deposition was also entered into evidence at trial. In this deposition, he testified that he was retained by the E/C to perform a “one-time” labor market survey, which was produced as a result of his review of Claimant’s deposition and relevant medical documents, among other research. The second provider did not meet with Claimant in connection with this research and did not provide vocational services. The second provider identified ten jobs he deemed available to Claimant within a fifty-mile radius.
 

 Based on the evidence admitted, the JCC denied PTD benefits because Claimant failed to meet his burden of proving that he could not reasonably obtain or
 
 *469
 
 secure at least sedentary employment within a fifty-mile radius of his residence.
 

 Analysis
 

 A JCC’s decision to exclude evidence is reviewed for abuse of discretion.
 
 See Escutia v. Greenleaf Prods., Inc.,
 
 886 So.2d 1059, 1060 (Fla. 1st DCA 2004). Nevertheless, a JCC’s interpretation of the evidence code requires de novo review.
 
 See King v. Auto Supply of Jupiter, Inc.,
 
 917 So.2d 1015, 1018 (Fla. 1st DCA 2006) (stating that where the issue on appeal turns on an interpretation of the Florida Evidence Code, review is de novo). In PTD benefits cases, the claimant has the burden to prove entitlement to these benefits and, as a result, the claimant is charged with “presenting] evidence the JCC finds persuasive.”
 
 Mitchell v. XO Commc’ns,
 
 966 So.2d 489, 490 (Fla. 1st DCA 2007).
 

 Among a litigant’s most important due process rights is the right to call witnesses.
 
 AT & T Wireless Servs., Inc. v. Castro,
 
 896 So.2d 828, 832 (Fla. 1st DCA 2005). Accordingly, “the exclusion of witnesses must be carefully considered and sparingly done.”
 
 Id.
 
 These principles extend tó the workers’ compensation context, as “[a]n injured worker’s right to receive workers’ compensation benefits is a property right protected by procedural due process safeguards including notice and an opportunity to be heard.”
 
 Vargas v. Chamsy Transfer, Inc.,
 
 999 So.2d 1101, 1103 (Fla. 1st DCA 2009);
 
 see also
 
 Art. I, § 9, Fla. Const. (“No person shall be deprived of life, liberty or property without due process of law....”);
 
 Peoples Bank of Indian River County v. State, Dep’t of Banking & Fin.,
 
 395 So.2d 521, 524 (Fla.1981) (“The legislature may determine by what process and procedure legal rights may be asserted and determined provided that the procedure adopted affords reasonable notice and a fair opportunity to be heard before rights are decided.”).
 

 Relevant Evidence Is Admissible
 

 Under the Florida Evidence Code, all relevant evidence is admissible, except as provided by law. § 90.402 Fla. Stat. (2007). Relevant evidence is evidence tending to prove or disprove a material fact. § 90.401 Fla. Stat. (2007). However, relevant evidence may be excluded where the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the needless presentation of cumulative evidence. § 90.403, Fla. Stat. (2007).
 

 In this case, the initial vocational provider’s report, which complied with the relevant statutorily prescribed requirements, is relevant and probative of the following: Claimant’s vocational limitations; Claimant’s motivation to find alternative employment; the vocational classification of Claimant’s work restrictions; and the likelihood that Claimant (considering his age, education, experience, and other vocational factors combined with his physical restrictions) could reasonably obtain or secure employment in light of his physical and vocational restrictions. The initial provider’s report contains evidence that bears upon the controlling and disputed issue of Claimant’s employability and, by extension, his eligibility for PTD benefits. Additionally, introducing the report would not have implicated any of the grounds' for exclusion identified in section 90.403. For these reasons, the initial provider’s report should have been admitted absent the identification of a legal basis warranting its exclusion.
 

 No Legal Basis to Exclude Provider’s Report
 

 Although the Legislature has expressly limited workers’ compensation litigants to one independent
 
 medical
 
 examination
 
 *470
 

 (“IME”)
 
 “per
 
 accident,” it
 
 has
 
 not
 
 created such a limit' .on vocational/rehabilitation providers.
 
 See
 
 § 440.13(5), Fla. Stat. (2007) (“The employer and employee shall be entitled to only one [IME] per accident, and not one [IME] per medical specialty.”). To the contrary, the workers’ compensation statutory scheme for the provision of reemployment/rehabilitation services to injured workers embraces and, in some instances requires that reemployment/rehabilitation services be provided by more than one individual.
 
 See §
 
 440.491(4)(a)-(e), Fla. Stat. (2007) (stating that the carrier may require the claimant to receive a reemployment assessment with a qualified rehabilitation provider and, if provider recommends that claimant receive employment services, the carrier refer the - claimant to a rehabilitation provider);
 
 see also §
 
 440.491(5)(d), Fla. Stat. (2007) (explaining that if reemployment services have not been undertaken as prescribed by statute, the “provider, facility, or agency that performs a reemployment assessment shall not provide” reemployment services for “the employee it assesses”); § 440.491(6)(a), Fla. Stat. (2007) (providing that the Department of Financial Services shall conduct training and education screening to determine an employee’s need for vocational evaluation, training, and education). Accordingly, workers’ compensation law neither contains an express basis for the exclusion of the vocational report in question, nor provides the foundation for a blanket rule limiting the number of vocational witnesses who may testify in a given case.
 

 Here, the initial provider’s report was excluded based on the JCC’s previously unannounced and independently created rule limiting each party to “one vocational expert” only. On appeal, the E/C argues that the initial provider’s report should have been excluded on the basis of work product privilege. This argument is without merit for two main reasons. First, the E/C did not invoke the work product privilege discovery exemption upon or after producing and disclosing the initial provider’s report. Consequently, even if the privilege extended to this case, the E/C’s failure to raise the privilege amounted to waiver. St.
 
 Paul Fire & Marine Ins. Co. v. Welsh,
 
 501 So.2d 54, 57 (Fla. 4th DCA 1987) (holding that the work product privilege was waived when letters in claims file were produced without an accompanying assertion of a work product objection).
 

 The E/C’s argument is additionally unavailing because documents, pictures, statements, and diagrams that are intended to be presented as evidence do not constitute work product such that they are exempt from discovery.
 
 Surf Drugs, Inc. v. Vermette,
 
 286 So.2d 108, 110 (Fla.1970). Here, the initial vocational provider furnished his initial reemployment assessment to Claimant and to the department within thirty days of its completion. § 440.491(4)(b), Fla. Stat. (2007) (instructing that “[t]he rehabilitation provider shall conduct its assessment and issue a report to the carrier, the employee, and the department within thirty days after the time such assessment is complete”). Because the E/C listed the initial provider as a witness whose testimony would be introduced at trial, it is clear that the E/C intended to present the initial provider’s statements relating to the report as evidence. As a result, the report cannot be characterized as work product.
 
 Surf Drugs, Inc.,
 
 236 So.2d at 110;
 
 see also Wal-Mart Stores, Inc. v. Weeks,
 
 696 So.2d 855, 856 (Fla. 2d DCA 1997) (holding that it was not error to compel discovery where the party seeking to limit discovery on work product privilege grounds merely made “a blanket statement that these items were prepared in anticipation of liti
 
 *471
 
 gation and [were] protected from disclosure without presenting evidence to support its claim”). For these reasons, there was no legal basis to exclude the initial provider’s report, which was timely disclosed and contained relevant evidence. Consequently, the report was admissible.
 

 Conclusion
 

 Because Claimant had the burden of proving entitlement to PTD benefits, the JCC’s exclusion of relevant, admissible evidence on the controlling and disputed issue of Claimant’s employability was harmful error and an abuse of discretion. Based on the foregoing, we reverse the order denying PTD benefits, and remand the case for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 HAWKES, C.J., and BENTON, J., concur.