# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

No. 1D18-2576

—————————————————

DAVID NAPIER,

    Appellant/Cross-Appellee,

    v.

CITY OF RIVIERA BEACH and
GALLAGHER BASSETT SERVICES,
INC.,

    Appellees/Cross-Appellants.

—————————————————

On appeal from an order of the Judge of Compensation Claims.
Gregory J. Johnsen, Judge.

Date of Accident: May 21, 1993.

August 29, 2019

PER CURIAM.

Claimant argues that competent substantial evidence (CSE) did not support the denial of his request for low-back surgery, but we find to the contrary and affirm that issue without further comment. On the Employer/Carrier's (E/C) cross-appeal, we affirm as supported by CSE the Judge of Compensation Claims' (JCC) finding that Claimant's pars defect is compensable. We agree, however, that the JCC erred in addressing maximum medical improvement (MMI), because no claims requiring this determination were noticed for hearing. This renders moot the E/C's argument that CSE did not support the MMI finding.

The parties to workers' compensation cases are required to set forth their claims, defenses, and issues at the pretrial conference. *See Isaac v. Green Iguana, Inc.*, 871 So. 2d 1004 (Fla. 1st DCA 2004) (reversing denial of compensation based on affirmative defense not raised in pretrial). Because due process rights are implicated, a party has a right to rely on the issues as framed in the pretrial statement. *See id.* at 1006.

Here, approximately ten days before the merits hearing, Claimant filed a Petition for Benefits (PFB) claiming entitlement to temporary indemnity benefits from October 12, 2017 and continuing. Because the indemnity claim had not been mediated, the order on appeal reserved jurisdiction over the issue for a later hearing. *See Parodi v. Fla. Contracting Co.*, 16 So. 3d 958, 961 (Fla. 1st DCA 2009) (finding JCC properly reserved jurisdiction on unmediated PFBs). The E/C also reserved the right to assert defenses to the request for temporary indemnity including, but not limited to, res judicata. Thus, the only claim before the JCC at the merits hearing was authorization for low-back surgery. Because no claims requiring the determination of MMI as a component of eligibility or entitlement had been raised in the pretrial stipulation, the JCC erred in addressing MMI status. *See Commercial Carrier Corp. v. LaPointe*, 723 So. 2d 912, 915 (Fla. 1st DCA 1999) ("An order that is not in accord with the understanding with which the workers' compensation hearing was undertaken and participated in is a denial of due process and must be reversed.") (quoting *Se. Recycling v. Cottongim*, 639 So. 2d 155, 157 (Fla. 1st DCA 1994)). Accordingly, we strike paragraphs 21 through 23 of the order as to MMI.

AFFIRMED in part and REVERSED in part.

B.L. THOMAS, KELSEY, and M.K. THOMAS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Michael H. Stauder of Michael H. Stauder, Sr., P.A., Jupiter, for Appellant/Cross-Appellee.

Gary M. Schloss of Hayes, Schloss & Alcocer, P.A., West Palm Beach, for Appellees/Cross-Appellants.