860 So.2d 984 (2003)
SAFEHARBOR EMPLOYER SERVICES I, INC., Appellant,
v.
Juan CINTO VELAZQUEZ, Appellee.
No. 1D02-3380.
District Court of Appeal of Florida, First District.
October 13, 2003.
Rehearing Denied December 11, 2003.
*985 David A. Lamont, The Lamont Law Group, P.A., Clearwater and H. George Kagan, Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellant.
Russell A. Dohan, Goldberg, Dohan & Katz, L.L.P. and Randy D. Ellison, West Palm Beach, for Appellee.
HAWKES, J.
We are asked to decide whether an illegal alien may receive benefits under Chapter 440, Florida Statutes (2002), in light of Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137, 122 S.Ct. 1275, 152 L.Ed.2d 271 (2002). We find that he can, and affirm.
Safeharbor Employer Services, Inc. argues that Hoffman preempts Florida law, and thus illegal aliens in Florida are precluded from receiving workers' compensation benefits. Hoffman held that pursuant to the Immigration Reform and Control Act (IRCA), the National Labor Relations Board lacked authority to award backpay to an illegal alien because he had never been legally authorized to work in the United States, even though he had been unlawfully terminated in violation of the National Labor Relations Act and would have otherwise been entitled to benefits. See id. at 1282.
Although not yet addressed by Florida courts, this issue has been decided by the Supreme Courts of Pennsylvania and Minnesota. The Pennsylvania Supreme Court held that subsequent to Hoffman, public policy did not exclude an illegal alien from receiving relief under their Workers' Compensation Act. See Reinforced Earth Co. v. W.C.A.B. (Astudillo), 570 Pa.464, 810 A.2d 99 (2002). Similarly, the Minnesota Supreme Court recently held IRCA, subsequent to Hoffman, does not preempt a state's authority to award workers' compensation benefits to illegal aliens. See Correa v. Waymouth Farms, Inc., 664 N.W.2d 324 (Minn.2003).
The Florida Workers' Compensation Act clearly allowed benefits to illegal aliens under Chapter 440 prior to Hoffman. See Cenvill Development Corp. v. Candelo, 478 So.2d 1168, 1170 (Fla. 1st DCA 1985); see also Gene's Harvesting v. Rodriguez, 421 So.2d 701, 701 (Fla. 1st *986 DCA 1982) (holding fact that workers' compensation claimant was illegal alien did not preclude entitlement to benefits for work-related injury). Hoffman does not mandate a different result.
In the absence of an express congressional statement, a state law may still be preempted if that law actually conflicts with federal law, or if federal law so thoroughly occupies a legislative field as to require a reasonable inference that Congress left no room for it to be supplemented by the state. See Harrell v. Fla. Constr. Specialists/AARLA/Agent for FWCIGA, 834 So.2d 352 (Fla. 1st DCA 2003). IRCA does not contain express preemption language nor does it so thoroughly occupy the field as to require a reasonable inference that Congress left no room for states to act. Further, since Hoffman found benefits other than backpay to be applicable to illegal aliens, there is no conflict between state and federal law in this case. See Hoffman, 122 S.Ct. at 1285. The United States Supreme Court has stated that workers' compensation is an area where states have authority to regulate under their police powers. See De Canas v. Bica, 424 U.S. 351, 356, 96 S.Ct. 933, 937, 47 L.Ed.2d 43 (1976). Therefore, we conclude that the Florida legislature's right to enact workers' compensation benefits for illegal aliens is not preempted by federal action. The JCC's award of benefits is
AFFIRMED.
WOLF, C.J., and BROWNING, J., concur.