PER CURIAM.
Appellee NYT Management Services, Inc. (the “Herald-Tribune”) seeks the disclosure of Florida teachers’ social security numbers through public records requests. We agree with appellants Florida Department of Education and its Commissioner that the trial court erred by requiring the disclosure.

I. Background

In June 2003, the Herald-Tribune first requested data regarding Florida’s teachers, maintained in two databases (a staff and a certification database). A verified request for the social security numbers contained in the two databases followed in September 2003. The Herald-Tribune alleges that the Department’s response to this first request for information omitted the social security numbers in the certification database and information concerning teachers in Hillsborough and Hendry Counties from the staff database. On April 14, 2004, the Herald-Tribune sent an e-mail request for the missing data from these two counties and for an electronic database of school-by-school racial breakdowns. The e-mail also had various questions for the Department.
On April 21, 2004, the Herald-Tribune sent another request by facsimile:
We just wanted to put our latest request in writing for your records. Please consider this a formal request under FS 119 for the following:
*An updated copy of the teacher certification database maintained by USF. *The latest survey 3 staff database maintained by DOE with Social Security numbers included.
*The survey 3 staff database from 1999-2000 maintained by DOE and matched by SSN to the USF teacher certification database.
Please follow the same procedure we used in the previous request for this data. This involves getting a list of the SSN from the two DOE staff databases we are requesting to USF. USF would then match the SSN from the DOE *1153 database with the SSN in its database and import the Applicant UID into that table. That table would be provided to us along with the full USF database.
Feel free to contact us if you have any questions. Because this request is being necessitated by the state’s error, (Hillsborough and Hendry county data was omitted in the first database) we would ask that we not be charged again for the new data.[1]
After the Department failed to provide all of the requested records, the Herald-Tribune filed a Complaint to Enforce Public Records Act pursuant to chapter 119, Florida Statutes.
The trial court ruled that the Department did not fully comply with the Herald-Tribune’s requests and that the information the Herald-Tribune sought in its 2003 and 2004 requests constituted public record with no applicable statutory exemption. Accordingly, the trial court ruled that the Department must provide the records requested.

II. April 2004 Public Records Requests

On appeal, the Department contends that it is not required to produce social security numbers in response to the Herald-Tribune’s April 2004 request for updated and historical data because the request was not verified as Florida law required. Generally, “all social security numbers held by an agency or its agents, employees, or contractors are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.” § 119.0721(1), Fla. Stat. (2004). Section 119.0721(3) provides an exception to commercial entities using the social numbers for a legitimate business purpose and if a verified written request is made as specified. The Herald-Tribune’s April 2004 requests were not verified as the statute required. Accordingly, we reverse the trial court’s ruling requiring the Department to produce social security numbers pursuant to those requests.

III. June and September 2003 Public Records Request

A. The Certification Database

The Department did not produce social security numbers from the certification database requested in September 2003.[2] The Department argues that although applicants for certification are required to submit social security numbers, disclosure of those numbers is expressly “limited to the purpose of administration of the Title IV-D program of the Social Security Act for child support enforcement,” citing section 1012.56(1), Florida Statutes (2003). We agree. Therefore, because disclosure to the Herald-Tribune does not further administration of the Title IV-D child-support enforcement program, we reverse the trial court’s ruling requiring disclosure of these social security numbers.
Federal law requires each state to maintain a “State Directory of New Hires.” See 42 U.S.C. § 653a(a)(l) (2000). All em *1154 ployers of the state are to submit the names, addresses, and social security numbers of their employees to the directory. See 42 U.S.C. § 653a(b)(l)(A). In addition, the state.-must require “any applicant for a professional license” to record his or her social security number on the application for the license. See 42 U.S.C. § 666(a)(13)(A) (2000). These requirements were put in place “[f]or the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating noncustodial parents, establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support will be available.” See 42 U.S.C. § 651 (2000).
The federal legislation also provides for safeguards of the above personal information. Title 42 United States Code section 654a(d)(l)(A) .(2000) provides that the state shall “permit access to and use of data only to the extent necessary to carry out the State program under this part.” This requirement is acknowledged in section 1012.56, Florida Statutes. This acknowledgment does not create an exemption from Florida’s Public Records Act.[3] Rather, it merely expresses the State’s intent to comply with federal law. To the extent that Florida law does conflict with the federal requirements,[4] federal law prevails. See Cagnoli v. Tandem Staffing, 888 So.2d 79 (Fla. 1st DCA 2004) (federal law limiting disclosure of social security numbers prevailed over state law requiring the number for workers’ compensation benefits); Safeharbor Employer Servs. I, Inc. v. Cinto Velazquez, 860 So.2d 984, 986 (Fla. 1st DCA 2003) (stating that federal law preempts state law where the state law actually conflicts with the federal law). Therefore, because the Herald-Tribune’s request does not further the program of enforcing child support obligations, locating noncustodial parents, establishing paternity, or obtaining child support, the Department properly denied the request. We reject, without further comment, the Herald-Tribune’s remaining arguments concerning the federal law requirements.[5]

B. The Staff Database

The Department provided data from the staff database pursuant to the June and September 2003 requests, including social security numbers. A dispute arose, however, regarding whether this information included Hillsborough and Hendry Counties, and the parties presented conflicting testimony at the hearing. The trial court found that the data produced omitted these counties. Because there is competent substantial evidence to support the trial court’s ruling, we affirm the requirement to produce this information. We agree with the Herald-Tribune that Chap *1155 ter 2004-95 should not be applied retroactively because there is not a clear legislative intent for retroactive treatment. See Mem’l Hosp.-W. Volusia, Inc. v. News-Journal Corp., 784 So.2d 438, 441 (Fla.2001).
Therefore, we hold that the Department is required to produce the same information for Hillsborough and Hendry Counties that it argued it had already produced. Because the Department is required to produce the same information for Hillsbor-ough and Hendry Counties, and because we rule that the information discussed in the sections above need not be produced, we do not reach the issue of whether the Department is being required to create electronic records.
AFFIRMED in part and REVERSED in part.
WOLF, C.J., KAHN AND POLSTON, JJ., CONCUR.

. The Department summarized the Herald-Tribune's demand as follows: "(1) to produce the 1999-2000 and 2003-04 accountability or survey database which contains numerous fields of student, personnel and school data including teachers' complete social security numbers (“Teacher Survey Data”); (2) to produce the 1999-2000 and 2003-04 teacher certification database which includes teachers’ complete social security numbers ("Teacher Certification Data”); (3) to match the two databases to produce a new public record including the data from both files; and (4) to manipulate the two databases to, inter alia, add a unique identifier and import the data into a second new public record for plaintiff’s benefit.”

. There is no dispute that this request was properly verified as required by the statute.

.The trial court ruled that section 1012.56 does not create an exemption from the public records laws. We agree. We reverse and vacate the trial court's alternative ruling, however, that section 1012.56 is an unconstitutional exemption from the. public records laws. As the Department correctly points out, this ruling must be reversed due to procedural defects. Because we agree that section 1012.56 is not a public records exemption, we need not address the issue of its constitutionality any further.

. For example, the federal requirements for protection of social security numbers collected pursuant to title 42 United States Code section 666(a)(13)(A) conflict with section 119.0721(3) to the extent it allows access to those numbers.

. The Herald-Tribune does not claim that the Department is purposefully using the federal -law to thwart the production of records otherwise subject to public disclosure under Florida law, nor does the record support such a claim. Accordingly, we do not reach the issue.