913 So.2d 756 (2005)
PINNACLE BENEFITS, INC., and Craftwork, Inc., Appellants,
v.
August ALBY, Appellee.
No. 1D04-5623.
District Court of Appeal of Florida, First District.
November 7, 2005.
*757 Theodore N. Goldstein and Michael E. McCabe of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellants.
Matthew E. Romanik and Frank R. Johnson of Johnson, Gilbert & Romanik, P.A., Ormond Beach, for Appellee.
BROWNING, J.
Employer/Carrier (E/C) appeal a final order of the Judge of Compensation Claims (JCC) determining that the claimant/appellee, August Alby, suffered an industrial accident on January 9, 2001, which resulted in injuries to Alby's neck, right shoulder, and right arm; that this industrial accident is the major contributing cause of Alby's neck condition (including cervical myelopathy) and the need for cervical surgery; that the neck condition and need for cervical surgery are compensable; and that Alby is entitled to costs and attorney's fees. We affirm.
E/C contend, first, that the JCC erred by failing to deny benefits to Alby pursuant to the so-called fraud defense. See §§ 440.09(4) & 440.105(4)(b), Fla. Stat. (2000). By their express wording, these two statutory provisions require a showing of "knowing" or "intentional" activity. See Isaac v. Green Iguana, Inc., 871 So.2d 1004, 1006 (Fla. 1st DCA 2004); CDL v. Corea, 867 So.2d 639, 640 (Fla. 1st DCA 2004). Whether or not a claimant has knowingly or intentionally engaged in any acts or omissions that would trigger this defense is a question of fact. See Medina v. Gulf Coast Linen Servs., 825 So.2d 1018, 1021 (Fla. 1st DCA 2002). The factual findings in a compensation order will be upheld if any competent substantial evidence supports the JCC's decision. See Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071, 1076 & n. 3 (Fla. 1st DCA 2003) (en banc). Because some competent substantial evidence supports the JCC's denial of the "fraud" defense, we shall not disturb this ruling. It matters not that other persuasive evidence, if accepted by the JCC, might have supported a contrary ruling. See Fla. Mining & Materials v. Mobley, 649 So.2d 934 (Fla. 1st DCA 1995).
*758 Second, E/C argue that the JCC erred in accepting the opinions of the expert medical advisor (EMA), Dr. Mikolajczak, over the opinions of the authorized treating physicians. Pursuant to section 440.13(9)(c), Florida Statutes (2000), the JCC appointed an EMA due to the "disagreement in the opinions of the health care providers." Under the plain terms of this statutory subsection, "[t]he opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the judge of compensation claims." See Walgreen Co. v. Carver, 770 So.2d 172, 174 (Fla. 1st DCA 2000). An EMA's opinion has a "nearly conclusive effect." Pierre v. Handi Van, Inc., 717 So.2d 1115, 1117 (Fla. 1st DCA 1998).
In a workers' compensation case, the JCC determines the credibility of witnesses, including the claimant. See Prather v. Process Sys., 867 So.2d 479, 480 (Fla. 1st DCA 2004). In his very detailed final order, the JCC  who had the opportunity to observe first-hand claimant Alby's candor and demeanor  found his testimony to be credible and truthful. To the extent that some discrepancies appeared between Alby's deposition and live testimony, the JCC correctly deemed them immaterial or inconsequential. Again assessing witness credibility, the JCC found the EMA's medical opinions to be credible and reliable. Given E/C's concerns that the EMA might not initially have received Alby's complete medical history and did not review the surveillance tapes of Alby, we agree with the JCC's conclusion that the extensive questioning of the EMA regarding Alby's medical records and the surveillance tapes eliminated any confusion or uncertainty as to what the EMA knew about Alby's medical conditions, and whether the industrial accident is the major contributing cause of Alby's cervical condition and need for surgery. The record supports the JCC's finding the EMA's medical opinions to be presumptively correct, absent clear and convincing evidence to the contrary. See § 440.13(9)(c). As to E/C's argument that the EMA's report was untimely completed, see section 440.13(9)(d), Florida Statutes (2000), we find no prejudice arising therefrom. Because the JCC properly rejected the "fraud" defense and exercised his authority in accepting the EMA's opinions over those of some other physicians, we AFFIRM the final order.
DAVIS and LEWIS, JJ., concur.