HAWKES, C.J.
 

 We are again asked to address the parameters of section 440.105, Florida Statutes, frequently referred to as the “fraud defense.” The issue in this case involves Claimant’s providing a false Social Security number on several occasions after his injury, in connection with treatment. The employer/carrier (E/C) argued that Claimant’s actions were knowingly and intentionally committed in order to obtain workers’ compensation benefits. The Judge of Compensation Claims (JCC) accepted the E/C’s position and denied all claims under section 440.09, Florida Statutes, on the ground Claimant violated section 440.105, Florida Statutes. Because competent substantial evidence supports the JCC’s findings, we affirm.
 

 It is prohibited by section 440.105(4)(b) for any person to “make, or cause to be made,” any false, fraudulent, or misleading statements for the purpose of obtaining workers’ compensation benefits. § 440.105(4)(b)1., Fla. Stat. (2006). An employee found to have knowingly or
 
 *794
 
 intentionally committed one of these prohibited acts is not entitled to compensation or benefits under the workers’ compensation statute. § 440.09(4)(a), Fla. Stat. (2006). Whether a claimant has violated section 440.105 is a factual determination to be made by the JCC, which is reviewed by this court for competent substantial evidence.
 
 Paulson v. Dixie County Emergency Med. Servs.,
 
 936 So.2d 1109, 1110 (Fla. 1st DCA 2006). “It matters not that
 
 other
 
 persuasive evidence, if accepted by the JCC, might have supported a contrary ruling.”
 
 Pinnacle Benefits, Inc. v. Alby,
 
 913 So.2d 756, 757 (Fla. 1st DCA 2005).
 

 In deciding this issue, the JCC had to answer two questions. The first is whether Claimant made or caused to be made false, fraudulent or misleading statements. The second is whether the statement was intended by Claimant to be for the purpose of obtaining benefits. Section 440.105(4)(b)l. does not require that the misrepresentation be material in actuality; rather, the relevant inquiry is whether a claimant’s misrepresentation—a misrepresentation the claimant thought would have a material impact on his case—was made with the intent to secure benefits. § 440.105(4)(b)l., Fla. Stat. (2006).
 
 See Village of N. Palm Beach v. McKale,
 
 911 So.2d 1282 (Fla. 1st DCA 2005).
 

 As to the first question, the JCC found at least three instances where a false Social Security number was given. The first was shortly after the accident, when Claimant was transported by ambulance to the hospital. The second was at the pharmacy when obtaining prescription medication. The third was on the telephone in an interview between Claimant and the E/C’s investigator. The record is conflicting as to who gave the ambulance personnel and pharmacy the Social Security number; both Claimant and the E/C deny having provided it. The JCC found Claimant’s co-worker gave the ambulance personnel the number at Claimant’s behest, and Claimant himself gave the number to the pharmacy and the E/C’s investigator.
 

 The record contains competent substantial evidence to support these findings. Specifically, hospital and pharmacy records contain the false number. Medical records show Claimant was taken to the hospital by ambulance; a hospital representative testified the hospital obtains a patient’s information from ambulance personnel when a patient arrives via ambulance. The employer’s representative testified the carrier handles every aspect of a claim, and the carrier’s representative testified the carrier never gives out a claimant’s Social Security number. Claimant testified his co-worker answered the ambulance personnel’s questions, and he (Claimant) went to the pharmacy. The investigator for the Employer/Carrier (E/C) testified he took Claimant’s telephonic statement and, in response to his asking for Claimant’s Social Security number, Claimant gave him the false number.
 

 The second question the JCC must answer involves intent. From the evidence and by evaluating the credibility and demeanor of the witnesses, including Claimant, the JCC found that the false Social Security number was provided with the intent to obtain benefits. At trial and on appeal, Claimant asserts he presented the number solely as a means of identification and lacked the requisite intent to obtain benefits. Indeed, had the JCC been so persuaded, Claimant would have prevailed below. Claimant fails to appreciate, however, that his belief that the false number will assist him in securing benefits— his state of mind—is a question of fact for the JCC to determine and, here, the JCC simply did not accept his account.
 
 See,
 
 
 *795
 

 e.g., Pinnacle Benefits, Inc. v. Alby,
 
 913 So.2d 756, 757 (Fla. 1st DCA 2005).
 

 Claimant also argues that the real reason the E/C refused to provide benefits is that he is an undocumented alien. It is not axiomatic that providing a false Social Security number will disqualify a claimant from receiving benefits. However, any false, incomplete, or misleading information which the JCC concludes was provided to obtain benefits results in forfeiture of benefits. It is not the act, but the intent behind the act, that dictates the result. Illegal aliens are, of course, covered by the Florida Workers’ Compensation Law.
 
 See
 
 § 440.02(15)(a), Fla. Stat. (2006);
 
 Safeharbor Employer Servs. I, Inc. v. Cinto Velazquez,
 
 860 So.2d 984 (Fla. 1st DCA 2003). However, no special rules apply to undocumented workers. Like any other employee, they must comply with the statute in order to obtain the statute’s benefits. In order to be self-executing, the statute requires everyone to be truthful, responsive, and complete.
 

 AFFIRMED.
 

 LEWIS and THOMAS, JJ., concur.