THOMAS, J.,
specially concurs With Opinion.
In this workers’ compensation case, Claimant appeals a final order denying his claims for medical and indemnity benefits as barred under section 440.09(4)(a), Florida Statutes (2012). Section 440.09(4)(a) provides that an employee who knowingly or intentionally violates subsections 440.105(4)(b)1.-3., Florida Statutes (2012), is not entitled to workers’ compensation benefits. Under subsections 440.105(4)(b) 1 . — 3., it is unlawful for any person to make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of securing compensation.
Claimant, a long-distance truck driver, was involved in two compensable motor vehicle accidents in 2012 resulting in injuries to his shoulder, neck, and low back. The Employer/Carrier (E/C) accepted compensability of both accidents and authorized medical care with several providers, including Dr. Tresser and Dr. Goldsmith. The E/C later received workers’ compensation records from the state of Ohio and other prior medical records revealing that Claimant had previous injuries with medical treatment for physical complaints similar to those associated with his 2012 accidents; the E/C also obtained records indicating Claimant had engaged in fairly extensive litigation regarding the injuries suffered in Ohio. The E/C defended all further claims for benefits for the 2012 accidents based on Claimant’s alleged misrepresentation of his medical history to his authorized medical providers.
To establish a fraud or misrepresentation defense, an employer or carrier must prove violations of section 440.105(4)(b) by a preponderance of evidence. See Singletary v. Yoder’s Ameritrust Ins. Corp., 871 So.2d 289, 281 (Fla. 1st DCA 2004). The judge of compensation claims (JCC) is *1292 then “required to determine whether [claimant knowingly or intentionally made any false, fraudulent, incomplete, or misleading statement, whether oral or written, for the purpose of obtaining workers’ compensation benefits, or in support of his claim for benefits.” Village of N. Palm Beach v. McKale, 911 So.2d 1282, 1283 (Fla. 1st DCA 2005). Here, the JCC found that Claimant’s claims were barred “due to his misrepresentations which occurred when he failed to advise his doctors of his prior injuries.”[1] More specifically, the JCC found that Claimant “did not tell either Dr. Tresser or Dr. Goldsmith about his prior back injuries” and that “[b]oth Dr. Tresser and Dr. Goldsmith revised their opinions on learning of these prior injuries and complaints.”
A JCC’s ruling on a fraud or misrepresentation defense is reviewed for CSE, and the factual findings will be upheld if any CSE supports the JCC’s decision, regardless of whether “other persuasive evidence, if accepted by the JCC, might have supported a contrary ruling.” Pinnacle Benefits, Inc. v. Alby, 913 So.2d 756, 757 (Fla. 1st DCA 2005) (emphasis in original). Claimant argues that there is no competent substantial evidence (CSE) to support the JCC’s findings because the evidence does not establish that either Dr. Tresser or Dr. Goldsmith asked Claimant about any prior low back problems. Indeed, a review of the testimony of both doctors reveals that the deposition questions focused on Claimant’s history of prior neck and shoulder complaints-not his prior low back problems. On the other hand, Dr. Broom, an expert medical advisor (EMA), expressly testified that Claimant affirmatively gave an, inaccurate and incomplete medical history about his prior “extensive low back problems.” Furthermore, the record shows that Claimant affirmatively misrepresented his prior neck complaints to Dr. Tresser, Dr. Goldsmith, and Dr. Broom because all three doctors confirmed that Claimant denied any prior neck problems, and yet had a documented history of years of neck pain. The JCC also rejected Claimant’s testimony at the final hearing that he did not remember his prior injuries.
In short, the record contains evidence of multiple instances of Claimant’s affirmative misrepresentation of his medical history to the authorized medical providers, the EMA, and the JCC. Because CSE supports the JCC’s ultimate finding that Claimant misrepresented his medical history with the requisite intent to secure benefits, the technical inaccuracies in the *1293 JCC’s factual recitation of Claimant’s misrepresentations to Dr. Tresser and Dr. Goldsmith constitute harmless error. See Special v. W. Boca Med. Ctr., — So.3d - (Fla.2014) (holding that test for harmless error requires beneficiary of error to prove there is no reasonable possibility that error contributed to verdict). Given the number of material misrepresentations made by Claimant, there is no reasonable possibility that the inconsequential inaccuracies complained of in the appealed order contributed to the JCC’s determination that the E/C sustained its burden of proving violations of section 440.105(4)(b) by the preponderance of the evidence. Accordingly, I concur that the JCC’s order denying Claimant’s claims as barred under section 440.09(4)(a) should be affirmed.

. As seems to be the case with many workers’ compensation, claims involving allegations of misrepresentation or fraud, the E/C here did not expressly identify the actual written or oral statement proving the violation of section 440,15(4)(b) and the JCC made a seemingly conclusory finding of Claimant's misrepresentations. It is this practice that serves as the gravamen of Claimant’s arguments in this appeal. Notably, the workers' compensation rules of procedure have recently been amended, as of November 10, 2014 (which postdates the trial proceedings here), to require the following in the parties' pretrial stipulation:
Any defense raised pursuant to Sections 440.09(4)(a) and 440.105, F.S., and any affirmative defense, must be raised with specificity, detailing the conduct giving rise to the defense, with leave to amend within 10 days. Failure to plead with specificity shall result in the striking of the defense. Any objections/responses to the affirmative defenses must be pled with specificity.
Fla. Admin Code R. 60Q-6.113(2)(h). This rule of procedure, if in place at the time of the trial proceedings herein, might well have alleviated the problems that serve as the centerpiece of the instant appeal. Nevertheless, the record supports the JCC’s conclusion that Claimant was well aware of the misrepresentations that served as the basis of the E/C's misrepresentation defense, and, there is no reasonable possibility that a remand for more specific findings would yield a different result.