CITY OF HIALEAH/Sedgwick CMS, Appellants,

v.

Tony BONO, Appellee.

CASE NO. 1D16–957

District Court of Appeal of Florida,
First District.

Opinion filed January 19, 2017.

David Goehl of Martinez Roman Goehl, P.A., Miami Lakes, for Appellants.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellee.

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) rejecting their affirmative defense of misrepresentation under sections 440.09(4) and 440.105(4), Florida Statutes, and awarding benefits to Claimant. Because the JCC applied the wrong legal analysis, we reverse the order, and remand for findings under the proper standard.

It is illegal for any person to "knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment" under the Workers' Compensation Law. § 440.105(4)(b)1., Fla. Stat. (2013). And workers' compensation benefits are barred for an employee found to have "knowingly or intentionally engaged in" such acts "for the purpose of securing workers' compensation benefits." § 440.09(4), Fla. Stat. (2013). Determining that there has been a violation of section 440.105(4) requires a two-part inquiry, encompassing first a finding as to whether a false (or fraudulent or misleading) statement was made by the claimant, and second a finding as to whether, at the time the statement was made, it was made with the intent to obtain benefits. See Arreola v. Admin. Concepts, 17 So.3d 792, 794 (Fla. 1st DCA 2009) ("In deciding this issue, the JCC had to answer two questions. The first is whether Claimant made or caused to be made false, fraudulent or misleading statements. The second is whether the statement was intended by Claimant to be for the purpose of obtaining benefits."); see also Village Apartments v. Hernandez, 856 So.2d 1140, 1142 (Fla. 1st DCA 2003) ("Regardless of whether the claimant was under oath, if, at the time he made any of these statements, he knew they were false ... then the statements fall within the scope of section 440.105(4)(b)2.").

Instead of engaging in this two-part analysis, the JCC applied civil case law on fraud, and the JCC made no mention of whether Claimant actually made specific false or misleading statements, instead characterizing the "inconsistencies" in Claimant's testimony as "impeachment." Thus, remand is needed for the JCC to apply the proper standard of law. On remand, the JCC is charged to revisit the evidence and make findings under the proper standard.

REVERSED and REMANDED for further proceedings in accordance with this opinion.

ROBERTS, C.J., ROWE, and WINOKUR, JJ., CONCUR.