# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-4406
_____

EDNA HERNANDEZ,

    Appellant,

    v.

FOOD MARKET CORP. dba
JOSEPH'S CLASSIC MARKET and
AMTRUST NORTH AMERICA OF FL
and ASSOCIATED INDUSTRIES,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Thomas A. Hedler, Judge.

Date of Accident: July 17, 2017.


October 30, 2019


WINOKUR, J.

    Claimant Edna Hernandez appeals the order by the Judge of Compensation Claims (JCC) denying her entitlement to any workers' compensation benefits due to her fraudulent provision of an invalid social security number (SSN). We affirm.

Claimant, an illegal alien without a valid SSN, was injured at work and her employer/carrier later directed her to a medical care provider. Claimant was advised that she would be required to present a SSN, and the registration form indeed included a place to enter a SSN and a statement that the "claim could be denied if you do not provide the information." Claimant admitted that she entered an invalid SSN on the form because she believed she needed to do so to obtain authorized medical care.

Section 440.09(4)(a), Florida Statutes, prohibits an employee from receiving workers' compensation benefits if he or she commits any act described in section 440.105, Florida Statutes, "for the purpose of securing workers' compensation benefits." Section 440.105(4)(b) prohibits employees from making fraudulent, false, or misleading statements. *See*, *e.g.*, § 440.105(4)(b)9., Fla. Stat. ("It shall be unlawful for any person . . . [t]o knowingly present or cause to be presented any false, fraudulent, or misleading oral or written statement to any person as evidence of identity for the purpose of obtaining employment or filing or supporting a claim for workers' compensation benefits."). The employer/carrier argued that Claimant violated section 440.105(4)(b)9. by fraudulently providing an invalid SSN to obtain workers' compensation benefits, and thus was not entitled to benefits. "In deciding this issue, the JCC had to answer two questions. The first is whether Claimant made or caused to be made false, fraudulent or misleading statements. The second is whether the statement was intended by Claimant to be for the purpose of obtaining benefits." *Arreola v. Admin. Concepts*, 17 So. 3d 792, 794 (Fla. 1st DCA 2009). The JCC answered both questions affirmatively and denied Claimant's claim.

On appeal, Claimant argues that section 440.105(4) is unconstitutional as applied to her because it is preempted by the Immigration Reform and Control Act of 1986 (IRCA), citing *Arizona v. United States*, 567 U.S. 387, 401 (2012), and *State v. Garcia*, 401 P.3d 588 (Kan. 2017), *cert. granted in part*, 139 S. Ct. 1317 (2019). These authorities do not support relief.

Part of a 2010 Arizona law made it a state crime for illegal aliens "to knowingly apply for work, solicit work in a public place or perform work as an employee or independent contractor in

2

[Arizona]." Ariz.Rev.Stat. Ann. § 13–2928(C). Discussing the IRCA's "comprehensive framework for 'combating the employment of illegal aliens,'" the Supreme Court noted that employers are penalized criminally and civilly for violating it, but employees are not. *Arizona*, 567 U.S. at 404 (quoting *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 147, 122 S.Ct. 1275, 152 L.Ed.2d 271 (2002)). The Supreme Court held that Congress was clear "that any information employees submit to indicate their work status 'may not be used' for purposes other than prosecution under specified federal criminal statutes for fraud, perjury, and related conduct." *Id.* at 405 (quoting 8 U.S.C. §§ 1324a(b)(5), (d)(2)(F)–(G)). Thus, this section of the Arizona law was preempted by IRCA because "Congress decided it would be inappropriate to impose criminal penalties on aliens who seek or engage in unauthorized employment." *Id.* at 406.

In *Garcia*, a false SSN an employee provided was used on an I–9 form (an employment eligibility form authorized by the IRCA) to verify his identity and employment authorization, and this information was subsequently transferred to a W–4 tax form. 401 P.3d at 590. The State of Kansas charged Garcia with identity theft and planned to use the W–4 as evidence, and the trial court refused to suppress it. *Id.* Garcia argued that the W–4 could not be used because the information on it was also on the I–9. *See* 8 U.S.C. § 1324a(b)(5) ("A form designated or established by the Attorney General under this subsection and any information contained in or appended to such form, may not be used for purposes other than for enforcement of this chapter" or certain other federal statutes). The state supreme court agreed, holding that "[s]tates are prohibited from using the I–9 *and any information contained within the I–9* as the bases for a state law identity theft prosecution of an alien who uses another's Social Security information in an I–9. The fact that this information was included in the W–4 and [a related state tax document] did not alter the fact that it was also part of the I–9." *Id.* at 599.[1]

---

[1] *But see Garcia*, 401 P.3d at 604 (Biles, J., dissenting) ("Garcia was not convicted for using someone else's identity on Form I–9 to deceive his employer as to his work authorization. Instead, Garcia was convicted for using another person's Social

3

Regardless of whether we agree with *Garcia*, it does not control, nor does *Arizona.* Here, Claimant does not allege that the invalid SSN she provided to obtain workers' compensation benefits was ever previously provided for employment verification purposes.[2] Instead, she argues that section 440.105(4) is unconstitutional because her provision of a false SSN "implicates and touches upon her immigration status" and thus is preempted by IRCA. However, she cites no provision of IRCA prohibiting information potentially relevant to an employee's immigration status—that was not provided to obtain employment—from being used for any other purpose.[3] As we have previously held, a claimant's lack of lawful immigration status is not a defense to providing fraudulent information to obtain benefits:

> [A]ny false, incomplete, or misleading information which the JCC concludes was provided to obtain benefits results in forfeiture of benefits. . . . Illegal aliens are, of course, covered by the Florida Workers' Compensation Law. However, no special rules apply to undocumented workers. Like any other employee, they must comply with the statute in order to obtain the statute's benefits. In

---

Security number on tax withholding forms."); *id.* at 606 (Stegall, J., dissenting) ("Can it really be true that the state of Kansas is or could be expressly preempted from using—for any purpose—the name of any citizen who has completed an I–9 form? A name is 'information' after all.").

[2] At oral argument, Claimant asserted that she provided an invalid SSN to obtain employment, but admitted that there is no evidence that it was the same one—i.e., she does not assert that "any information contained in" forms used to obtain employment was also used to obtain workers' compensation benefits. 8 U.S.C. § 1324a(b)(5).

[3] We do not need to decide whether preemption of state imposition of criminal penalties—which was explicitly at issue in both *Arizona* and *Garcia*—applies to the denial of workers' compensation benefits, which is at issue here.

4

order to be self-executing, the statute requires everyone to be truthful, responsive, and complete.

*Arreola*, 17 So. 3d at 795 (citations omitted).

Claimant has not shown error in the JCC's final order, so we AFFIRM.[4]

JAY, J., concurs; RAY, C.J., concurs in result.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for Appellant.

Rayford H. Taylor of Hall Booth Smith, P.C., Atlanta, GA, and Andrew R. Borah of Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Deerfield Beach, for Appellees.

---

[4] We reject Claimant's other arguments without further comment.