# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-4071

_____

JAMES HARMAN,

Appellant,

v.

MERCHANT TRANSPORT, CCMSI,

Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Carol J. Stephenson, Judge.

Date of Accident: May 16, 2017

September 15, 2021

M.K. THOMAS, J.

James Harman argues the Judge of Compensation Claims (JCC) correctly ordered the Employer/Carrier (E/C) to provide him with an alternate physician pursuant to section 440.13(2)(f), Florida Statutes (2017), but erred in preserving the E/C's right of selection. Under the facts of the case, we affirm.

## I. Undisputed Facts

Harman sustained a compensable burn to his right foot in May 2017, while pressure cleaning with steam. The E/C authorized several doctors, including Dr. Koutsonikolis, an

allergist who treated Harman for a rash. On February 7, 2019, Harman made a written request for a one-time change in allergists, from Dr. Koutsonikolis to Dr. Tuer. The next day, the E/C learned that Dr. Tuer no longer accepted "workers' compensation." The following day (February 9), the E/C informed Harman of this, authorized Dr. Landman, an allergist who practices in Aventura, and provided appointment details.

Harman, who lives in Palm Beach, cancelled the appointment with Dr. Landman on grounds that Aventura was too far for him to travel. On February 28, 2019, the E/C, attempting to accommodate Harman, authorized Dr. Landman's colleague, Dr. Mark, who practices approximately 46 miles and 45-50 minutes away from Harman's home at a satellite office in Pembroke Pines. The E/C offered to provide transportation at the E/C's expense, if needed. However, Harman declined to attend the appointment with Dr. Mark, claiming Pembroke Pines was also too far from his home.

Harman filed a petition for benefits (PFB) on February 19, 2019, seeking a one-time change from Dr. Koutsonikolis to Dr. Tuer. In the Uniform Pre-Trial Stipulation filed in June 2019, he asserted the identical claim request. At final hearing, Harman articulated that the sole issue before the JCC was his claim for a one-time change from Dr. Koutsonikolis. However, he acknowledged that Dr. Tuer would not accept workers' compensation[1] and he did not pursue his authorization. Harman argued that the E/C's response to the one-time change request was not timely unless the distance to the new doctor was "reasonable," as calculated from his home and not his workplace, and that the distance to Dr. Mark's office was unreasonable because 50 miles

---

[1] At hearing, the insurance adjuster testified that Dr. Tuer, when contacted to acquire an appointment for Harman, refused to accept "workers' compensation." She was uncertain whether the refusal was based on refusal to accept patients injured at work generally or to accept payment under the Florida Workers' Compensation Health Care Provider Reimbursement Manual. *See* Fla. Admin. Code Ann. r. 69L-7.020(1) and sections 440.13(12) and (13), Florida Statutes (2017).

"is the cut-off for reasonable distance in Florida per *Commercial Carrier.*" *See Commercial Carrier Corp. v. Fox*, 400 So. 2d 154 (Fla. 1st DCA 1981) (holding that for Claimant's compensable back injury, which precluded riding long distances, E/C's "manipulative" provision of doctors 50 miles away followed by provision eleven months later of local physician constituted refusal to authorize medical treatment).

The E/C defended the PFB on grounds it had timely authorized an alternate physician via Drs. Landman and Mark. The E/C argued that Dr. Mark's office was only twenty-eight miles from Harman's place of employment with the Employer, and that Harman had not presented evidence of an alternative allergist "within a more reasonable distance to [Harman's] workplace or home." In its trial memorandum and at merits hearing, the E/C argued that: 1) Dr. Mark was the closest provider that it could locate (in part because of the rarity of allergists in the workers' compensation system); 2) that no "law" specifies what kind of search an E/C must perform; and 3) Harman had no limitations, physical restrictions, or infirmities that would prohibit his sitting in a car for any distance, and that free transportation was offered.

At the final hearing, Harman's counsel asserted that the only facts the JCC needed to consider were those related to distance. He argued as follows:

> I am not saying that [the E/C] didn't respond, I am not saying that [the E/C] responded with a doctor outside of the specialty or that [the E/C] responded with a clinic rather than a specific doctor. Those are all requirements, too, and [the E/C] did all of that, but the doctor that [the E/C] responded with is outside of 50 miles and that is unreasonable.

In the final order, the JCC articulated the sole issue before her as, "the reasonableness of Dr. Mark considering the time/distance travel, which is within the discretion of the [JCC]." She ultimately determined that the travel time and distance to Dr. Mark's office was unreasonable. Furthermore, despite the "commendable efforts" by the E/C, she found that the offer of transportation by the E/C did not necessarily render the distance

3

reasonable. The final order granted the request for a one-time change of physician and detailed, "[t]he Employer/Carrier may select an authorized allergist within a reasonable distance from Mr. Harman's residence." The JCC granted Harman's request for attorney's fee and costs.

Harman filed a motion for partial rehearing or to vacate the order, arguing that the JCC erroneously determined that because the E/C provided an allergist's name within five days, despite declaring Dr. Mark as an unreasonable alternate, section 440.13(2)(f) was satisfied, and the E/C retained the right of selection—effectively giving the E/C a second bite at the apple. The JCC summarily denied the partial rehearing request. On appeal, Harman challenges only the portion of the final order that retains the E/C's right to select the alternate physician. The E/C did not appeal any portion of the final order.

## II. Analysis

"A JCC's factual findings will be upheld if supported by competent substantial evidence (CSE), regardless of whether '*other* persuasive evidence, if accepted by the JCC, might have supported a contrary ruling.'" *City of Bartow v. Flores*, 301 So. 3d 1091, 1094 (Fla. 1st DCA 2020) (*citing Pinnacle Benefits, Inc. v. Alby*, 913 So. 2d 756, 757 (Fla. 1st DCA 2005)). "However, to the extent the issues raised on appeal concern statutory construction, a question of law is presented, and our review is de novo. *Id.* (*citing Palm Beach Cty. Sch. Dist. v. Ferrer*, 990 So. 2d 13, 14 (Fla. 1st DCA 2008)).

Harman argues the necessary implication of the JCC's determination that the E/C's alternate physician selection (upon his request for one-time change) was unreasonable, which the E/C did not appeal, is that the E/C did not "timely" authorize a one-time change, and therefore, the right of selection became his. He clarifies that he is not arguing that the E/C's response was not timely, but that its *authorization* was not timely.

The E/C responds that Harman failed to preserve the argument he now asserts on appeal, because the parties agreed at the final hearing that the only issue for the JCC to determine was

4

the reasonableness of the distance between Harman's residence and Dr. Mark's office. Furthermore, Harman maintained one claim throughout the proceedings—authorization of Dr. Tuer, despite his acknowledgement that he was not an option. Harman never amended his claim to request an allergist of his selection or introduce evidence of available allergists within a 50-mile distance from Harman's home. The E/C asserts that Harman got exactly what he asked for—an alternate allergist within 50-miles of his home. We agree.

As an initial matter, we agree with the E/C that Harman failed to preserve the specific arguments he now raises on appeal. At the merits hearing, the parties agreed the "only" issue before the JCC was the reasonableness of Dr. Mark as it relates to distance. Granted, Harman's pre-trial memorandum asserted, "If the Court's determination is, ultimately, that the distance is 'reasonable,' then the E/C have timely responded. However, if the Court's determination is that the distance is unreasonable, then the E/C have not timely responded." But, he failed to raise below the argument that the E/C failed to provide an alternate physician, thus, triggering a forfeiture of the E/C's right of selection. Notably, in the final order, the JCC specifically articulated that the issue of timeliness of provision had not been raised at the hearing.[2]

Regardless, even if Harman properly raised below the argument he now asserts on appeal, his argument fails on the merits. Harman's request for a one-time change from Dr. Koutsonikolis to Dr. Tuer was never amended despite his concession that Dr. Tuer was not an option. He conceded that the E/C provided an alternate physician within five days of the written request, inclusive of authorization of an appointment as well as additional options. His only argument was that the provided alternates practiced too far from his home. Furthermore, he never amended his claim for Dr. Tuer to another claimant-selected physician or introduce evidence of his chosen allergist practicing

---

[2] In the award provision, the JCC footnoted the following: "No claim has been made that the Employer/Carrier's response was not provided within the statutory 5-day timeframe, as required by section 440.13(2)(f), Florida Statutes."

within a 50-mile radius who accepted workers' compensation patients and/or fee schedule payment. Ultimately, the JCC awarded the identical claims that were specifically pled and requested—an alternate physician within a 50-mile radius of his home and attorney's fees and costs.

Because the JCC and the parties did not have the benefit of this Court's opinion in *Flores*, 301 So. 3d 1091, supplemental briefing was requested.[3] We agree with the E/C that *Flores* is readily distinguishable. Factually, unlike the E/C in *Flores* who delayed for 56 days, the E/C here did not leave Harman waiting for an affirmative action. Harman never argued that the E/C failed to timely provide an alternate physician but only that the authorization was unreasonable, based solely on distance factors.[4] Additionally, he never asserted that the right of selection was forfeited by the E/C.

Section 440.13(2)(f), specifically the fourth sentence, states, "If the carrier fails to provide a change of physician as requested by the employee, the employee may select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary." § 440.13(2)(f), Fla. Stat.

Harman never argued that the E/C failed to authorize an alternate allergist within five days, acquire an appointment date, or was untimely in additional offers of alternate allergists upon Dr. Tuer's refusal to provide treatment. The third sentence of the

---

[3] In *Flores*, an E/C authorized an alternate doctor the day after the request for one-time change but did not provide an appointment date until 56 days after receiving the request. 301 So. 3d at 1093. This Court held that section 440.13(2)(f) dictates that "the E/C forfeits the right of selection if it subsequently fails to provide the alternate physician by unreasonable delay in acquisition of an appointment date." *Id.* at 1099.

[4] As the E/C did not appeal the order awarding Harman an alternate physician, the merits of the reasonableness of distance of travel determination are not before us.

statute sets forth only two requirements regarding the alternate physician—timely authorization and practice within the same medical specialty. *Id.* Here, the E/C satisfied both. The statute imposes no criteria regarding distance of travel as a criterion for the E/C's retaining its right of selection.

In *Flores*, this Court held that the E/C forfeits the right of selection under section 440.13(2)(f) if it fails to provide the authorized alternate physician by "unreasonable delay in acquisition of an appointment date." 301 So. 3d at 1099. There is no dispute in this case regarding the timeliness of authorization of an alternate physician, and Harman has never complained that he was not provided appointment dates.

For these reasons, we affirm the JCC's award of an alternate physician of the E/C's selection.

AFFIRMED.

RAY and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Matthew Carrillo of The Law Firm of Carrillo & Carrillo, P.A., Gainesville, for Appellant.

Therese A. Savona and Geraldine P. Pena of Cole, Scott & Kissane, P.A., Orlando, for Appellees.

7